UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WESTPORT INSURANCE CORPORATION     CIVIL ACTION

VERSUS     NO. 07-5400

MICKAL P. ADLER, ET AL     SECTION "C"

ORDER AND REASONS

This matter comes before the Court on motion for partial summary judgment filed by Mickal P. Adler ("Adler") and motion for summary judgment filed by Westport Insurance Company ("Westport"). Having considered the record, the memoranda of counsel and the law, the Court has determined that summary judgment in favor of Adler is appropriate for the following reasons.

This declaratory action founded in diversity seeks a declaration as to the rights of Adler under a policy issued by Westport covering the law firm that employs Adler.[1] Adler seeks coverage under the policy for defense costs pertaining to a claim made by

---

[1] The Court ordered memoranda directed to the issue whether it should exercise its discretion to entertain this declaratory action. No party objected to maintaining jurisdiction. (Rec. Docs. 5, 6, 8, 9, 11).

1

Elayanor Uddo Doyle ("Doyle"). Doyle and here company, Woven Treasures, L.L.C., were clients of Adler. Adler entered into a contract with Doyle to purchase part of the company in November 2002. An independent attorney was engaged with regard to the transaction, who advised both Doyle and Adler:

> In this engagement, our firm will not be representing any of the individual parties to the transaction, but instead will be acting as counsel solely for the documentation of the transaction. ... None of the parties, therefore, intend to have separate or individual legal representation in this transaction and you have recognized this fact. In this regard, we have recommended that the parties seek such representation before the completion of the transaction. Without such representation, you are at risk.

(Rec. Doc. 30, Exh. 2, p. 1).

During arbitration proceedings arising out of the subsequent dispute between Adler and Doyle, Doyle filed a reconventional demand for rescission of the sale to Adler and for attorney's fees based, in part, on the allegation that Adler, "as attorney for Doyle, breached his duty to his client by entering into a business transaction knowingly acquiring an ownership interest adverse to Doyle, his client," and in other respects "breached his duty to his client" and "from the outset has used his professional expertise to create a transaction totally to his advantage and the complete disadvantage of his client, Doyle" (Rec. Doc. 30, Exh. 1, ¶¶20 - 22). Doyle also claims in arbitration that the contract with Adler "directly contravenes the Code adopted by the Supreme

2

Court of Louisiana to regulate the practice of law." (Rec. Doc. 30, Exh. 1, ¶ 23).

The arbitrator issued an interim award on April 10, 2008, finding that Adler violated Rule 1.8 of the Rules of Professional Conduct[2] because the transaction between Adler and Doyle was not made on terms that are "fair and reasonable to the client." (Rec. Doc. 30, Exh. 8, p. 7). The arbitrator also found:

> that damages against Adler were not "arising out of an engagement to provide legal services and, therefore, La. R.S. 9:5605 does not apply." Mr. Adler was *not* providing legal services to Ms. Doyle in this matter and she did not bring a malpractice claim. Ms. Doyle is not asserting an action for professional negligence in Mr. Adler's representation of her with regard to a third party, and, as such, this is a personal action subject to the 10 year

---

[2] Rule 1.8 of the Rules of Professional Conduct provides:
(A) A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless:

(1) the transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing in a manner that can be reasonably understood by the client;

(2) the client is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel on the transaction; and

(3) the client gives informed consent, in a writing signed by the client, to the essential terms of the transaction and the lawyer's role in the transaction, including whether the lawyer is representing the client in the transaction.

3

>     prescriptive period of Civ. Code art. 3499.   Moreover, it is not an action
>     for damages, but for rescission and, therefore, the claim is not preempted.
>     Her claim arises in response to a proceeding instituted by Mr. Adler.
>     Here, she is using the claim of rescission as a defensive claim to an
>     assertion of liquidation.  Her claim is under Rule 1.8.

 (Rec. Doc. 30, Exh. 8, p. 9).

Westport acknowledges that its policy provides coverage for "all LOSS ... which any INSURED becomes legally obligated to pay ... by reason of any WRONGFUL ACT..."  (Rec. Doc. 30, p. 5,  Exh. A, p. 14, ¶ I.A.).  It also agrees that it owes Adler the duty "to defend any CLAIM or LOSS against any INSURED covered by Insuring Agreement ... even if such CLAIM is groundless, false or fraudulent ..."  (Rec. 30, p. 5, Exh. A, p. 14, ¶ II.A.).  It admits that Adler is an insured under the policy (Rec. Doc. 30, Exh. A, p. 23, ¶ VII.B.).

Westport does not dispute the possibility that Adler may have breached ethical duties as a lawyer in entering into the transaction with Doyle.   (Rec. Doc. 30, p. 12). Westport does not dispute the fact that Adler was Doyle's attorney at the time he entered into the transaction, but emphasizes that Doyle's reconventional demand does not allege that Adler provided Doyle with legal services at the time of the transaction. (Rec. Doc. 32, p. 18).   Westport argues, however,  that coverage for Adler regarding Doyle's claim is lacking because Doyle's claim against Adler does not concern a

4

"wrongful act" committed "in the rendition of legal services for others in the insured's capacity as a lawyer, and arising out of the conduct of the insured's profession as a lawyer" and covered by the policy:

> **"WRONGFUL ACT" WHENEVER USED IN THIS COVERAGE UNIT MEANS** any act, error, omission, circumstance, PERSONAL INJURY or breach of duty in the rendition of legal services for others in the INSURED'S capacity as a lawyer or as a lawyer acting in the capacity of an Arbitrator, Mediator or Notary Public or as a member, director or officer of any bar association, its governing board or any of its committees. When an INSURED acts as an administrator, conservator, executor, guardian, trust, escrow agent, receiver or other court-appointed fiduciary, the INSURED'S wrongful acts in such capacity shall be deemed to be the rendition of legal services for others in the INSURED'S capacity as a lawyer.

(Rec. Doc. 30, Exh. A, p. 26, ¶ VII.G).[3]

Adler argues that Westport reads its policy too narrowly because the "four corners" of Doyle's allegations do not unambiguously exclude coverage. (Rec. Doc. 37, p. 2). He maintains that it was the "'omission' of providing legal services" to Doyle that is the "wrongful act" that triggers coverage and that Adler "'omitted' adequately following Rule 1.8." (Rec. Doc. 37, p. 4). Adler argues that because there would be no

---

[3] It is undisputed that Westport paid $10,000 for fees, costs and expenses incurred in defending Adler's disciplinary proceeding under an endorsement to the policy, but that coverage is not provided for "monetary awards ... relating to, or directly or indirectly resulting from the institution or disposition of DISCIPLINARY PROCEEDINGS." (Rec. Docs. 30, Exh. A, p. 38; 37, p. 8).

breach of professional conduct without an attorney-client relationship, and because the Rules of Professional Conduct "have the force and effect of substantive law," Doyle's allegations are sufficient to trigger the policy's duty to defend. (Rec. Docs. 30, 37, pp. 5-6). He also argues that even if violation of Rule 1.8 did not constitute malpractice for purposes of the policy, Doyle accused Adler for "breach of duty in the rendition of legal services for others," for purposes of the policy definition of "wrongful act" and the duty to defend.

The parties apparently agree that Louisiana law applies. In Louisiana, "contracts have the effect of law for the parties." La. Civ. Code art. 1983. Under La. Civ. Code art. 2045: "Interpretation of a contract is the determination of the common intent of the parties." The interpretation of an unambiguous contract is an issue of law for the court to decide. *Amoco Production Co. v. Texas Meridian Resources Exploration Inc.* 180 F.3d 664, 668 (5th Cir. 1999). "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties intent." La. Civ. Code art. 2046. "In addition, a contract provision is not ambiguous where only one of two competing interpretations is reasonable or merely because one party can create a dispute in hindsight." *Texas Eastern Transmission Corp. v. Amerada Hess Corp.*, 145 F.3d 737, 741 (5th Cir. 1998).

A contract is ambiguous under Louisiana law "when it is uncertain as to the parties' intentions and susceptible to more than one reasonable meaning under the circumstances and after applying established rules of construction." *Lloyds of London v. Transcontinental Gas Pipe Line Corp.*, 101 F.3d 425, 429 (5th Cir. 1996). Relevant rules of construction include interpreting each provision in light of other provisions so that each is given meaning suggested by the entire contract, interpreting provisions susceptible of different meanings so as to not to ignore them, and interpreting contracts in ways that leads to unreasonable consequences or inequitable or absurd results even when the language used is explicit. *Texas Eastern, supra.*

With regard to the duty to defend, Louisiana law recognizes a duty broader than its liability for coverage. "And the insurer's duty to defend suits broad against its insured is determined by the allegations of the injured plaintiff's petition with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage." *Meloy v. Conoco, Inc.*, 504 So.2d 833, 838 (La. 1987).

The Court finds that the contractual language is clear and unambiguous for purposes of Louisiana law and the issue presented in this motion. The Court finds that Doyle's reconventional demand does not unambiguously exclude coverage. It contains numerous references to the effect that Adler was Doyle's attorney and breached the

7

attorney/client duty at relevant times, which is sufficient to trigger the duty to defend. (Rec. Doc. 30, Exh.1, ¶¶13-24).

Accordingly,

IT IS ORDERED that the motion for partial summary judgment filed by Mickal P. Adler is GRANTED. (Rec. Doc. 27).

IT IS FURTHER ORDERED that the motion for summary judgment filed by Westport Insurance Company is DENIED. (Rec. Doc. 30).

New Orleans, Louisiana, this 29th day of December, 2009.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE