UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WESTPORT INSURANCE CORPORATION     CIVIL ACTION

VERSUS     NO. 07-5400

MICKAL P. ADLER, ET AL     SECTION"C"

ORDER AND REASONS

This matter comes before the Court on motion for entry of Rule 54(b) final judgment filed by Westport Insurance Company ("Westport") and motion for partial summary judgment regarding violation of La. Rev. Stat. § 22:658[1] and La. Rev. Stat. § 22:1220[2] filed by Mickal P. Adler ("Adler"). Having considered the record, the

---

[1] Section 22:658B(1) provides for penalties, in relevant part, based on "[f]ailure to make payment within thirty days after a receipt of such satisfactory written proofs and demand therefor .... when such failure is found to be arbitrary, capricious or without probable cause ..."

[2] Section 22:1220 provides the insured's "duty of good faith and fair dealing" and "an affirmative duty to adjust claims fairly and prompt and to make a reasonable effort to settle claims..." It also provides that such a breach includes "[f]ailing to pay the amount of any claim due any person insured by the contract with in sixty days after receipt of satisfactory proof of loss from the claimant when the failure is

1

memoranda of counsel and the law, the Court has determined that both motions should be denied for the following reasons.

The Court previously granted summary judgment in favor of Adler, finding that the contractual language in the Westport policy did not unambiguously exclude coverage for purposes of the duty to defend the claim contained in the reconventional demand. (Rec. Doc. 47). Adler now seeks a ruling that, as a matter of law, the Court's ruling on summary judgment requires an award of penalties under § 22:658 and § 22:1220. Westport disagrees.

The Court likewise disagrees First, none of the cases cited by Adler in his motion provide as solid support as he suggests. Certainly, all of cases cited by Adler support the proposition that an insurer's misinterpretation of a policy provision exposes the insurer to the risk of statutory penalties. None of the cases cited by the mover in his motion hold that misinterpretation alone mandates the award of penalties.[3]

The Court finds that the propriety of such an award is dependent on the facts.

---

arbitrary, capricious, or without probable cause."

   [3]      The Court is troubled by the lack of direct citation in support of the statement upon which Adler relies in *Frederick v. Electro-Coal Transfer Corp.*, 548 F.Supp. 83, 87 (E.D.La.) that "[u]nder Louisiana law, the failure of an insurer to pay a claim based solely on the insurer's incorrect interpretation of language in the policy it wrote is deemed to be arbitrary, capricious and without probable cause." Again, the cases do not provide legal support for the mandate sought by Adler in his motion.

The Fifth Circuit in *Dickerson v. Lexington Insurance Co.*, 556 F.3d 290, 297 (5th Cir. 2009), in analyzing the burden of proof at trial, recognized that "[u]nder §22:1220, an insurer owes its policyholders a duty of good faith in settling claims. Breach of the duty exposes an insurer to liability for damages, discretionary penalties, and attorney's fees via § 22:658." The "arbitrary and capricious" failure to pay a claim under certain circumstance can result in an award of penalties. *Id.* The phrase "arbitrary and capricious" is synonymous with "vexatious," and a vexatious refusal to pay a claim means "unjustified, without reasonable or probable cause." *Id.* "An insurer does not act arbitrarily and capriciously, however, when it withholds payment based on a genuine (good faith) dispute about the amount of a loss or the applicability of coverage." *Dickerson*, 556 F.3d at 297-298. Here, the determination that the policy provided a duty to defend has been made on summary judgment; that decision provides a basis for proceeding to trial on the secondary issue: whether the plaintiff's denial of defense subjects him to statutory penalties.

The penalty provisions of both § 22:658 and § 22:1220 are largely focused on timeliness of the payment of "claims" premised on the receipt of a satisfactory proof of loss. This matter involves the duty to defend, not a claim for indemnification. As is acknowledged by the parties, under Louisiana law, the duty to defend is broader than

3

other obligations under an insurance contract. The duty to defend is dependent, in large part, on the allegations of the underlying claim against the insured just as much as it is dependent on the policy language. The duty to defend and the duty to indemnify are independent determinations under a policy, subject to different standards, as is the propriety of penalties.

In addition, the underlying statutes are penal in nature and strictly construed.[4] This circumstance weighs against the recognition of such a broad general announcement when the duty to defend has been determined on summary judgment.

All of the circumstances relevant to the propriety of an award of penalties can be examined at the upcoming trial. The pendency of trial also weighs against Rule 54(b) certification, as does the ruling in *Landry v. Commercial Union Insurance*, 762 F.3d 462, 464 (5th Cir. 1985).[5]

Accordingly,

---

[2] Despite Adler's disagreement, the court in *Vaughn v. Franklin*, 785 So.2d 79, 91 (La. App. 1st Cir. 2001), did hold that "[t]he supreme court's review of the legislative history of 22:1220 makes it clear that the legislature did not intend by the enactment of that statute to impose additional penalties on insurers that breached their contractual duty to defend." This ruling hardly supports the award of penalties under § 22:1220 on summary judgment here.

[5] The Court notes that the *Landry* case involved summary judgment by Judge Feldman in favor of an insured as to the duty to defend, but against the insured on the issue of penalties on account of the breach of that duty to defend.

4

IT IS ORDERED that the motion for entry of Rule 54(b) judgment filed by Westport Insurance Company is DENIED. (Rec. Doc. 52).

IT IS FURTHER ORDERED that the motion for partial summary judgment filed by Mickal P. Adler is DENIED. (Rec. Doc. 53).

New Orleans, Louisiana, this 31st day of March, 2009.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE